Pullen *v.* Pullen.

MARY E. PULLEN

*v.*

DAVID S. PULLEN.

1. *Held*, in this case, that the petitioner should have made the affidavit of the defendant's non-residence. One taken by her brother-in-law, held not sufficient.

Pullen *v.* Pullen.

2. To authorize a divorce, more than the unsupported testimony of the petitioner is necessary to prove the desertion.

3. The master should comply with the 159th rule.

Petition for divorce.

*Mr. D. C. Allinson,* for petitioner.

THE CHANCELLOR.

The petitioner seeks a divorce from the bond of marriage, on the ground of desertion. There is no satisfactory proof that she was an inhabitant or resident of this state at the time of the alleged desertion; nor that she was a resident of this state at the time when the bill was filed. When her husband left her, as she says, she resided in Washington, D. C. Her own account of her residence is, that after he left her at that place, she came on, bringing her child with her, to her friends in Trenton and in Bucks county, in Pennsylvania, near Trenton, where she has remained ever since, "making her home" principally in Trenton, and occasionally, for short periods, at other places. She speaks of her residence as having been in or near Trenton.

Again, the defendant was not served with process. The petitioner's brother-in-law makes the affidavit of non-residence. Her solicitor swears that he has not been able to ascertain the defendant's place of residence or post-office address. The petitioner, however, says nothing on the subject.

The publication of the notice to appear, plead, answer or demur, is liable to criticism.

The proof of desertion depends entirely on the petitioner's own testimony. She says her husband "deserted" her; that she did not know he was going away; that he gave her no previous intimation of his intention to leave her, and that she has never from that time heard from him, directly or indirectly. What the circumstances of the alleged desertion were, she does not state further. A divorce *a vinculo* will not be granted on the testimony of the com-

plainant alone as to the cause of divorce. *Tate* v. *Tate*, 11 *C. E. Gr.* 55, and cases there cited.

The master has not observed the 159th rule, which required him to examine into and report the facts and circumstances under which the desertion took place, and the reasons which provoked it, if they can be ascertained.

The bill will be dismissed.